**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HECTOR MANUEL SOTO, JR.** : | |
| **Petitioner,** : | |
| : | |
| **v.** : | **Civ. No. 23-1392** |
| : | |
| **TINA WALKER, et al.,** : | |
| **Respondents.** : | |

<u>**O R D E R**</u>

 With the Third Circuit's permission, Hector Manuel Soto, Jr. seeks habeas relief in a counseled, successive Petition. (Doc. Nos. 1, 4); 28 U.S.C. § 2254.  Soto alleges that new evidence from witnesses Michael Cortez and Lucas Faith exonerates him. (Doc. No. 1 at 6-9).  I referred his Petition to Judge Hey, who recommended denying relief because the Petition is time-barred.  (Doc. Nos. 5, 15.)

 No objections to the Report and Recommendation have been made.  (<u>See</u> Docket.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; <u>see also</u> <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review").

 Having reviewed the Report, I see no clear error.  The Antiterrorism and Effective Death Penalty Act's one-year filing clock begins running from the latest of several enumerated events, one of which is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D). A "properly filed" PCRA petition pending in state court will toll the one-year clock.  § 2244(d)(2).

 Because Soto first raised this "new evidence" in his third PCRA petition, filed *pro se* in

2017, Judge Hey treats this as the date when these claims "could have been discovered through the exercise of due diligence." (See Doc. No. 7-2 at 166-213; Doc. No. 15 at 6-7.) The AEDPA clock thus expired in 2018, unless tolled by a "properly filed" PCRA petition. (See Doc. No. 15 at 7.) The PCRA court denied Soto's third petition as untimely. (Id. at 9; Doc. No. 7-2 at 231-34.) He appealed to the Superior Court, then withdrew the appeal after filing a fourth, *pro se* PCRA petition in June 2019. (Doc. No. 7-2 at 249-54, 273-96.) His fourth petition was also denied as untimely, the Superior Court affirmed, and the Supreme Court denied allocatur. (Doc. No. 7-3 at 176-78, 263-66.) Because neither petition was timely, they were not "properly filed." (Doc. No. 15 at 8-9); Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). Accordingly, the AEDPA filing clock expired in 2018, Soto does not qualify for statutory tolling, and he presents no circumstance to justify equitable tolling. (See Doc. No. 15 at 9-10); Holland v. Florida, 560 U.S. 631, 649 (2010).

Moreover, as Judge Hey concluded, Soto does not meet the exacting "actual innocence" exception that could also overcome the AEDPA clock. (Doc. No. 15 at 10-13); Schlup v. Delo, 513 U.S. 298, 324 (1995). Judge Hey correctly determined that he has not shown that the state court credibility findings were unreasonable. (Doc. No. 15 at 11-13; Doc. No. 7-3 at 179-80.) Accordingly, his Petition is time-barred and I will dismiss it.

*            *            *

**AND NOW**, this 5th day of June, 2025, it is hereby **ORDERED** that:

1. The Magistrate Judge's Report and Recommendation (Doc. No. 15) is **APPROVED AND ADOPTED**.

2. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED as untimely**.

3.  There are no grounds on which to issue a certificate of appealability.

4.  The **CLERK of the COURT shall CLOSE** this case for statistical purposes.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.